LAW OFFICE OF STEVEN M. CHABRE
Steven M. Chabre (SBN 173271)
1335 Park Avenue
Alameda, CA 94501
Tel: (510) 749-1440
Fax: (510) 749-0466
Email: chabre66@yahoo.com
*Attorney for Plaintiff Mark Rowell*

BURKE, WILLIAMS & SORENSEN, LLP
Michael B. Bernacchi (SBN 163657)
E-mail: mbernacchi@bwslaw.com
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Telephone: 213.236.0600
Facsimile: 213.236.2700
*Attorneys for Defendants Hartford Life and Accident Insurance Company and Aviza Technology Health and Welfare Plan*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MARK ROWELL,<br><br>Plaintiff,<br><br>v.<br><br>AVIZA TECHNOLOGY HEALTH AND WELFARE PLAN and HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>Defendants. | Case No. 5:10-CV-05656-PSG<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER AS MODIFIED BY THE COURT** |

IT IS HEREBY STIPULATED AND AGREED, by and between the parties to this action, Plaintiff Mark Rowell ("Plaintiff") and Defendant Hartford Life and Accident Insurance Company ("Hartford"), that certain documents, materials or information to be produced by Hartford in discovery (as described in Paragraph 1)

shall be subject to the following Confidentiality Agreement with respect to confidentiality and privacy, subject to the approval of the Court.

1. The information/items governed by this Stipulated Confidentiality Agreement are: (1) any part of Hartford's claims handling procedures, policies and guidelines to be produced as part of its responses to the request for production of documents and responses to interrogatories; and, (2) the index/table of contents for the LTD Product Manual. Any further documents to be designated as subject to this Stipulated Confidentiality Agreement will be designated in addendum(s) to this Stipulated Confidentiality Agreement and submitted to the Court for approval.

2. The documents, materials or information identified in Paragraph 1 of this Stipulated Confidentiality Agreement contain or constitute confidential, private, proprietary and/or trade secret information as defined by California Civil Code § 3426.1 and FRCP Rule 26(c)(1)(G), and shall be subject to the terms of this Stipulated Confidentiality Agreement. Said documents, materials or information, including all information contained therein, and all copies, descriptions, summaries, notes, abstracts or portions of pleadings or transcripts which contain or are derived from such information, hereinafter shall be referred to as "the Information."

3. The Information shall be used solely for the purpose of this action. No part of the Information shall be disclosed to any person or otherwise made public except pursuant to this Stipulated Confidentiality Agreement.

4. The Information may be disclosed only to the persons described in the following sentence, only to the extent that such person is performing work in connection with this action, and only to the extent necessary to perform that work. Such persons are: (a) the Parties to this action; (b) counsel of record for the Parties; (c) any person regularly employed by such counsel, including legal assistants, secretaries, law clerks, investigators, associates and contract attorneys; (d) actual or prospective experts and consultants retained or consulted by a Party or a Party's counsel in the course of this action; (e) any potential deposition and trial witnesses,

to the extent counsel deems it necessary for and relevant to the testimony of such witnesses; and (f) this Court, its staff, and jurors empanelled in the trial of this lawsuit. These persons shall not disclose, discuss or reveal the Information, its contents or existence, or the documents containing the Information to any other person or entity not specifically identified in this Paragraph. Upon demand, Plaintiff's counsel and these persons ^ (except the Court) will return the Information and all copies of documents relating thereto to Defendant's attorneys at the conclusion of this action.

5. No copies, summaries, digests, notes or descriptions of the Information shall be provided by a Party or its counsel for distribution to persons other than those described in Paragraph 4.

6. Persons to whom access to the Information is given pursuant to this Stipulated Confidentiality Agreement shall keep such material and any copies, extracts, summaries, notes or descriptions thereof secure in accordance with the purposes and intent of this Stipulated Confidentiality Agreement and shall adopt and employ all suitable precautions to ensure continued confidentiality, non-use and non-disclosure. No disclosure shall be made to any person pursuant to Paragraph 4(d) or 4(e) until such person has executed either this Stipulated Confidentiality Agreement or a written Understanding and Agreement to be bound by this Stipulated Confidentiality Agreement in the form attached hereto as Exhibit 1.

7. Upon request of any Party, the original transcript and any and all copies of any deposition containing (a) documents pertaining to the Information as exhibits, or (b) testimony relating to the Information, shall be marked on its cover "CONTAINS CONFIDENTIAL INFORMATION. DO NOT DISCLOSE EXCEPT BY COURT ORDER." Disclosure of any copy of such deposition transcript or any document attached as a deposition exhibit shall be restricted to the deponent, his or her counsel of record, and persons designated in Paragraph 4.

8. Any party who intends to file documents which discusses or discloses any Information subject to this Stipulated Confidentiality Agreement with the Court

must comply with the Northern District of California Local Rules. Specifically, the Parties may disclose the Information to the Court in connection with motions filed in this case or at trial in this case along with a stipulation (and/or motion if necessary) to file the documents under seal pursuant. The Information will be provided to the Court in a sealed envelope and will be marked "Confidential: Subject to Protective Order." The Court will decide whether to seal the Information and all references to the information in any other documents, or in any reporter's transcript. Any party who intends to file documents which discusses or discloses any Information subject to this Stipulated Confidentiality Agreement shall give seven (7) days' notice of the same to all parties in the action.

9. Production of the documents or disclosure of the Information protected by this Stipulated Confidentiality Agreement shall not constitute a waiver of any confidentiality, privacy right or privilege. Moreover, Defendant retains the right to assert all substantive objections to the Information and/or documents containing the Information, including but not limited to relevancy, hearsay, privacy, privilege and Federal Rule Of Evidence, Rule 403.

10. Any part of the Information may be removed from the scope of this Stipulated Confidentiality Agreement by agreement of the Parties or by Court order.

11. Should any Party violate the terms of this Stipulated Confidentiality Agreement, and should legal action be necessary as a result of any violation or threatened violation of this Stipulated Confidentiality Agreement, the prevailing Party may recover any damages allowed under the law.

12. Notwithstanding anything to the contrary contained herein, any Party may move for a modification of this Stipulated Confidentiality Agreement at any time that the interests of justice appear to so require. Further, nothing in this Stipulated Confidentiality Agreement shall be construed as affecting the Parties' obligations with respect to the Information as required by law.

13. This Stipulated Confidentiality Agreement shall be binding on any and all Parties who sign below.

Dated: August 4, 2011

Law Office of Steven M. Chabre

By: */s/ Steven M. Chabre*
*[As approved on August 4, 2011]*
Steven M. Chabre
chabre66@yahoo.com
Attorneys for Plaintiff Mark Rowell

Dated: August 5, 2011

Burke, Williams & Sorensen, LLP

By: */s/ Michael B. Bernacchi*
Michael B. Bernacchi
mbernacchi@bwslaw.com
Attorneys for Defendants Hartford Life and Accident Insurance Company and Aviza Technology Health and Welfare Plan

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4852-6939-9050 v1

- 5 -

STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

**EXHIBIT 1**

**UNDERSTANDING AND AGREEMENT PURSUANT TO PROTECTIVE ORDER**

I hereby state that I have read a copy of the Stipulated Confidentiality Agreement and Protective Order in *Mark Rowell v. Aviza Technology Health and Welfare Plan and Hartford Life and Accident Insurance Company*, Case No. 5:10-CV-05656-PSG pending in the United States District Court, Northern District of California. I understand and agree to be bound by its terms.

Dated: ______________

______________________________
Signature

______________________________
Printed Name

______________________________

______________________________
Address

**PROTECTIVE ORDER**

Upon consideration of the Stipulated Confidentiality Agreement between Plaintiff Mark Rowell ("Plaintiff") and Defendants Hartford Life and Accident Insurance Company ("Hartford") and Aviza Technology Health and Welfare Plan (collectively "Defendants"), the Court hereby approves of said Agreement and orders the parties to comply with its terms. Certain documents, materials or information to be produced by Hartford in discovery shall be subject to the parties' Stipulated Confidentiality Agreement with respect to confidentiality and privacy.

IT IS SO ORDERED.

Dated: August 12, 2011

Hon. Paul S. Grewal