UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARK ROWELL,<br><br>                    Plaintiff,<br>        v.<br><br>AVIZA TECHNOLOGY HEALTH AND WELFARE PLAN and HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>                    Defendants. | Case No.: C 10-5656 PSG<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION**<br><br>**(Re: Docket No. 57)** |

Defendants Aviza Technology Health and Welfare Plan, and Hartford Life and Accident Insurance Company (hereinafter "Hartford") move for reconsideration, in part, of the court's October 31, 2011 discovery order.[1] For the reasons set forth below, the court hereby GRANTS Hartford's request.

**I.     DISCUSSION**

In the October 31 Order, the court determined that limited "conflict of interest" discovery was warranted in light of Plaintiff Mark Rowell's ("Rowell") claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., that Hartford abused its discretion in denying Rowell long-term disability ("LTD") and ongoing life insurance

---

[1] *See* Docket No. 49 (Order Granting-In-Part Plaintiff's Mot. To Compel) ("October 31 Order").

1

Case No.: 10-5656 PSG
ORDER

benefits.[2] The court accordingly directed Hartford to respond to several interrogatories relating to Hartford's use of three, third-party physician review organizations[3] to evaluate medical evidence submitted by claimants, including Rowell. The order, in relevant part, required interrogatory responses to the following:

   a. the number of times that Hartford used each company over a three-year period (2009-2011) and the total amount paid out; and
   b. the percentage of claims submitted to BMI, MES, and UDC in 2009 and 2010 that resulted in a decision by Hartford within six months to deny benefits.[4]

Hartford seeks reconsideration based on a change in material fact and guiding law.[5] The primary change, according to Hartford, is that it has agreed to stipulate to *de novo* review, rather than have the court review Rowell's claim under an abuse of discretion standard.[6] In reviewing an ERISA plan administrator's decision for abuse of discretion, the court weighs a plan administrator's conflict of interest as a factor and looks to "all the facts and circumstances" to determine "how much or how little to credit" the administrator's decision to deny coverage.[7] Courts commonly authorize plaintiffs preparing for abuse of discretion review to pursue discovery relevant to conflict of interest,[8] while limiting the scope to the discovery to that which

---

[2] *See id.* at 5-6, 8-11.

[3] The three organizations are Behavioral Medical Interventions ("BMI"), MES Solutions ("MES"), and University Disability Consortium ("UDC").

[4] *See* Docket No. 49 at 3.

[5] *See* Civ. L.R. 7-9(b)(2) (party moving for reconsideration must show "[t]he emergence of new material facts or a change of law occurring after the time of such order").

[6] The standard of review in an ERISA appeal depends on whether the plan at issue grants discretion to the administrator. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). The court noted in its earlier order that it would review Hartford's decision for abuse of discretion because the plan at issue conferred discretionary authority on Hartford. *See* Docket No. 49 at 5, n.15.

[7] *See Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 968 (9th Cir. 2006).

[8] The Ninth Circuit in *Abatie* identified examples of extrinsic evidence relevant to weighing conflict of interest: "evidence of malice, of self-dealing, [] of a parsimonious claims-granting history [as well as if] the administrator provides inconsistent reasons for the denial, *** fails adequately to investigate a claim or ask the plaintiff for necessary evidence, *** fails to credit a claimant's reliable evidence, *** or has repeatedly denied benefits to deserving participants by

2

Case No.: 10-5656 PSG
ORDER

illuminates the effect of bias, if any, on the benefits decision being appealed.[9] Hartford's stated purpose in agreeing to a change in the standard of review is to obviate the need for what it claims will be expensive and burdensome conflict of interest discovery.[10] Because Rowell's earlier motion to compel and the court's order were premised on the relevance of the discovery to weighing the credibility of Hartford's claim denial under an abuse of discretion standard, Rowell argues that the basis for that discovery no longer applies.

Hartford also contends that a recent change in California law undermines the rationale behind the court's order, especially as to any justification of the cost imposed on Hartford. After the hearing on Rowell's motion to compel and the before the court issued its ruling, the state legislature passed Section 10110.6 of the California Insurance Code, effective on January 1, 2012. Section 10110.6 renders void and unenforceable any provision in a life or disability insurance policy or contract that would reserve discretionary authority to the insurer.[11] It defines "discretionary authority" in relation to its effect on the insurer's determination of entitlement to

---

interpreting plan terms incorrectly or by making decisions against the weight of evidence in the record." *Abatie,* 458 F.3d at 968-69 (citations omitted).

The Supreme Court in *Metropolitan Life Ins. v. Glenn*, 554 U.S. 105, 117 (2008) further identified a "history of biased claims administration" by the insurance company administrator as important grounds for considering the impact of conflict of interest on a claims decision.

[9] *See, e.g., Baldoni v. Unumprovident, Illinois Tool Works, Inc.*, CV No. 03-1381-AS, 2007 WL 649295, at *7 (D. Or. 2007) (noting "[i]n light of ERISA's purpose, conflict of interest discovery should not be unlimited"); *Groom v. Standard Ins. Co.*, 492 F. Supp. 2d 1202, 1205-06 (C.D. Cal. 2007) (concluding that discovery in ERISA case "must be narrowly tailored[,] must not be a fishing expedition" and "must be limited to requests that are relevant to 'the nature, extent, and effect on the decision-making process of any conflict of interest that may appear in the record'") (quoting *Abatie,* 458 F.3d at 967)); *Klein v. Northwest Mut. Life*, -- F. Supp. 2d --, 2011 WL 2579778, at *5 (S.D. Cal. June 29, 2011) (allowing discovery of "relevant evidence as to the nature, extent and effect of the conflict," including at a minimum discovery into "the compensation, guidance, and performance evaluations given to the people involved in the handling of [plaintiff's] claim, as well as at least statistical information as to the number of claims handled and denied").

[10] Hartford has submitted sworn testimony outlining its basis for agreeing to *de novo* review. Hartford's Director of Medical Programs Vendor Management states that it has determined that the discovery ordered by the court could cost as much as $150,000 – far more than Hartford's estimate of the value of Rowell's claim – and would require manual review of each individual claim file for a determination of the claim decision made within the six months following the third-party medical review. *See* Docket No. 57-2 (McTeague Decl. && 3-6).

[11] *See* Cal. Ins. Code § 10110.6(a).

3

Case No.: 10-5656 PSG
ORDER

benefits, as well as to the fact that it "could lead to a deferential standard of review by any reviewing court."[12] Under the statute, a court reviewing an appeal of a claim denial that is subject to the new law will apply the more exacting standard of *de novo* review. Although Section 10110.6 does not apply to Rowell's claim,[13] Hartford argues that by rendering discretionary authority clauses void and unenforceable, plaintiffs and courts ordering discovery may not assume that the cost burden of undertaking discovery will be spread across future cases.[14]

Rowell opposes the motion for reconsideration on two separate grounds. First, he argues that the conflict of interest discovery ordered by the court is equally applicable under *de novo* review.[15] Second, Rowell argues that Hartford has not introduced any information to the court regarding its production burden that it could not have assessed while the earlier motion was pending, and thus Hartford fails to establish a material change in fact to warrant reconsideration.

Clearly the parties have failed to agree upon a basis for stipulating to *de novo* review. The court accepts Hartford's representations, however, regarding its willingness to agree to *de novo* review on the facts of this claim, and Rowell's representations regarding its acceptance of Hartford's offer.[16] Having considered Rowell's position that the same scope of discovery is appropriate under *de novo* review and Hartford's objections to Rowell's opposition filing in this

---

[12] *See id.* § 10110.6(c).

[13] The court interprets Section 10110.6(a)'s application to policies "offered, issued, delivered, or renewed" in the context of the effective date of the amendment, beginning this year.

[14] The court notes that nowhere in its earlier order did it address or rely upon this rationale.

[15] Rowell represents that he "accepts and joins in" the stipulation to *de novo* review, but nevertheless insists that Hartford produce the discovery as ordered. *See* Docket No. 58 (Pl.'s Opp'n to Defs.' Mot. For Reconsideration). Hartford objects to Rowell's attempt to agree to a stipulation without conceding the discovery that Hartford seeks to avoid.

[16] The Supreme Court's holding in *Firestone Tire & Rubber* that abuse of discretion review should apply where the benefit plan gives the administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan stems from the Court's finding that "the validity of a claim to benefits under an ERISA plan is likely to turn on the interpretation of terms in the plan at issue." *See* 489 U.S. 101, 115. Where, as here, the administrator is willing to accept *de novo* review, the court will proceed as if the plan does not confer discretion and the contract language is not subject to interpretation by the administrator.

4

Case No.: 10-5656 PSG
ORDER

motion, the court finds that in undertaking *de novo* review of Rowell's claims, such extensive discovery is not warranted.

Rowell relies on *Opeta v. Northwest Airlines Pension Plan for Contract Employees* for the proposition that extra-record evidence is appropriate in *de novo* cases where the court finds that the "circumstances clearly establish" such evidence is "necessary to the district court's review."[17] But in *Opeta*, the court makes clear that under *de novo* review the court simply "evaluates whether the administrator correctly or incorrectly denied benefits," and does so "based on the evidence in the administrative record."[18] The determination whether to admit evidence outside of the administrative record is made "under the restrictive rule of *Mongeluzo*."[19] As stated above, the standard for admitting extrinsic evidence under *Mongeluzo* and *Opeta* is narrow and limited only to those circumstances in which the district court, in its discretion, finds the evidence to be necessary in order to conduct an adequate *de novo* review of the benefit decision.[20]

In opposition to Hartford's motion for reconsideration, Rowell argues that several of the "exceptional circumstances" identified by the court in *Opeta* that may justify extrinsic evidence are in play here, including issues regarding the credibility of the medical experts, the fact that the payor and administrator are the same entity, and that Rowell's claim is one that would have been an insurance contract claim prior to ERISA.[21] Rowell points to his earlier presentation of evidence from other cases, and based on the testimony of a former BMI reviewing physician,[22] which suggests that the credibility of BMI, MES, and UDC's physicians is at issue. Rowell also points to other district court cases in which the insurer waived abuse of discretion review seeking

---

[17] *See* 484 F.3d 1211, 1213 (9th Cir. 2007) (citing *Friedrich v. Intel Corp.*, 181 F.3d 1105, 1110-11 (9th Cir. 1999)).

[18] *See id.* (citing *Abatie,* 458 F.3d at 963).

[19] *See id.* (citing *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*, 46 F.3d 938, 943-44 (9th Cir. 1995)).

[20] *See id.* (citations omitted).

[21] *See* Docket No. 58 at 4-5 (citing *Opeta*, 484 F.3d at 1217).

[22] Hartford has objected to Rowell's submission of the Declaration of Scott Kale, M.D. on hearsay and relevance grounds.

5

Case No.: 10-5656 PSG
ORDER

to avoid discovery, but the court nevertheless ordered some discovery.

Several of these factors are the same that the court considered for relevance of the discovery under an abuse of discretion standard. But structural or other incentives that may have affected Hartford's benefits decision or the exercise of its discretion are no longer relevant.[23] In contrast, potential conflict of interest or bias on the part of the physician reviewers hired by Hartford is relevant because it goes to the weight the court will assign those opinions in its *de novo* review.[24]

The court fails to see the continuing relevance of the discovery at issue to its *de novo* review of Hartford's decision on Rowell's claim. To be clear, the percentage of claims submitted to BMI, MES, and UDC in 2009 and 2010 that resulted in a decision by Hartford within six months to deny benefits is relevant to Hartford's mechanism of decisionmaking and allegations relating to its conflict of interest and any related abuse of its discretion in reviewing claims. But this form of percentage data is not relevant to any allegations of bias within the three agencies or the particular reviewing physicians.[25] Moreover, even a showing of relevance under Fed. R. Civ. P. 26 would be insufficient in the context of *de novo* review because the circumstances of the case do not *clearly establish* that the additional discovery is necessary.[26] Accordingly, the court

---

[23] *See Reynolds v. UNUM Life Ins. Co. of Am.*, No. 2:10cv2383 (PHX/LO/TRJ), 2011 WL 3565351 at *2 (D. Ariz. Aug. 12, 2011) (holding the decision made by defendant's personnel is "completely irrelevant to the court's decision, as is "discovery into their motivations," after defendant's waiver of abuse of discretion review); *Knopp v. Life Ins. Co. of N. Am.*, No. C-09-0452 CRB (EMC), 2009 WL 5215395, at *4 (N.D. Cal. Dec. 28, 2009) (same).

[24] *See Reynolds*, 2011 WL 3565351 at *2 (holding physician reviewer bias still to be relevant under *de novo* review because plaintiff had raised an issue regarding the credibility of that medical reviewer); *Knopp*, 2009 WL 5215395 at *3-4 (ordering discovery into the relationship between defendant and the medical consultants or companies hired to evaluate plaintiff's claim).

[25] Nor does the discovery at issue bear any chance of bringing to light admissible evidence with respect to any of the particular physicians who reviewed Rowell's file. For example, it is possible that the court will admit at the Rule 52 hearing evidence supporting Rowell's allegations of bias or misconduct by Dr. MacGuire with BMI; but the discovery at issue bears no relevance to that claim.

[26] *See Brice v. Life Ins. Co. of N. Am.*, No. C 10-04204 JSW, 2011 WL 2837745, at *3 (N.D. Cal. July 18, 2011) (finding plaintiff's allegations of bias regarding a particular reviewing physician insufficient to justify discovery into the defendant's relationship with that physician, under the standard set by *Opeta*). The court recognizes that admissibility under *Opeta* and what is discoverable at this stage are not equivalent. Even so, as other courts have similarly found, in light of *Opeta*'s limits on admissibility of evidence in *de novo* cases and the ERISA's policy of

United States District Court
For the Northern District of California

finds that this data will not assist in, and certainly is not necessary to, its ability to carry out an adequate *de novo* review.  Hartford need not produce responses to Rowell's Interrogatories 3, 7, and 11, or 4, 8, and 12.

### III.   CONCLUSION

Hartford's request for reconsideration in part of the court's October 31 Order is hereby GRANTED. The hearing on the parties' cross-motions for judgment pursuant to Fed. R. Civ. P. 52 remains set for 10:00 a.m. on March 7, 2012.

**IT IS SO ORDERED.**

Dated: February 10, 2012

PAUL S. GREWAL
United States Magistrate Judge

---

keeping proceedings inexpensive and expeditious, it is appropriate to place similar limits on discovery. *See Knopp*, 2009 WL 5215395 at *3.